**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

## SOUTH PACIFIC ISLAND AIRSYSTEMS, INC., GEORGE WRAY, SAMOA AVIATION, INC., dba, SAMOA AIR, & DOES 1-10, Defendants

High Court of American Samoa
Trial Division

CA No. 13-94

October 23, 1995

Before KRUSE, Chief Justice, and BETHAM, Associate Judge.

Counsel: For Plaintiff, Henry Kappel, Assistant Attorney q General
For Defendant South Pacific Airsystems, Inc., Togiola T.A. Tulafono
For Defendant Samoa Aviation, Inc., dba Samoa Air, Marshall Ashley

Order Denying Motion to Modify Order:

On June 5, 1995, this court rendered judgment for the plaintiffs in the above-captioned case, and denied South Pacific Island Airsystems' ("SPIA's") motion for new trial on August 17, 1995. SPIA then filed a notice of appeal on Monday, August 31, 1995, or 14 days after the entry of judgment. A.C.R. 4(a)(1) requires, however, that the notice of appeal be filed within 10 days of the entry of judgment. Plaintiff American

Samoa Government ("ASG") and defendant Samoa Aviation ("SamAir") therefore moved for dismissal of the appeal. SPIA then filed the present motion, asking the trial court to modify the date on the order denying the motion for a new trial, on the assertion that it was not actually placed in Counsel's court box until August 28, 1995. We now consider that motion.

## STANDARD OF REVIEW

 The court does not have jurisdiction to extend time for filing a notice of appeal. *Masaniai v. Siafono*, 17 A.S.R.2d 34, 35-36 (App. Div. 1990) (construing A.S.C.A. § 43.0802(b)). A.C.R. 26(b), in fact, specifically prohibits the court from doing so. An oversight by a court official can sometimes justify relief from judgment under T.C.R.C.P. 60(b)(6). *Jennings, supra* at 39. But, "[a]t very least the court should be reasonably certain that the litigant really did not receive timely notice of the adverse order . . .," because "if there is one thing that every employee in the clerk's office has learned to do right, it is to place Court orders in the boxes of the appropriate counsel immediately upon their entry." *Faoa v. Asifoa*, 18 A.S.R.2d 49, 55-56 (Land & Tit. Div. 1991). The standard of review is satisfied, therefore, only upon *reasonable certainty* that the aggrieved party has not received the relevant order. Furthermore, the court must be satisfied that the aggrieved party "acted expeditiously as soon as he did receive notice." *Faoa, supra* at 55.

## DISCUSSION

In support of its motion, SPIA filed an affidavit given by its attorney's secretary, claiming that she did not find the order in counsel's court box until 8.00 a.m., August 28, 1995. We remain unconvinced in view of the affidavit of the Chief Deputy Clerk, attesting that she filed the order in the boxes of all relevant counsel the same day, and in light of the fact that every other party in the case received the order in a timely manner. SPIA's counsel contends that sometimes orders are placed in adjacent file folders by mistake, and that the attorney receiving the order erroneously may return the document to the correct destination file without notifying anyone. As nearly as we can tell, SPIA's counsel is guessing, and in fact has not investigated this possibility. At the same time, guesswork does not produce reasonable certainty.

 Furthermore, even if SPIA did receive notice of the order late, we find that SPIA did not act expeditiously as soon as its counsel received notice. SPIA alleges that it received the judgment on August 28, 1995, or 11 days following the final judgment. Although a notice of appeal is due within 10 days following a denial of the motion for new trial, that date is extended by one day when, as in this case, the deadline falls on

Sunday. A.C.R. 26(a). The effort required to file a timely notice of appeal is minimal,[1] and we find that it could easily have been completed in a single day. The fact that SPIA's attorney waited for three days after allegedly receiving notice indicates that he did not act "expeditiously as soon as he did receive notice." *Faoa, supra* at 55.

For the foregoing reasons, we deny SPIA's motion to modify the date of our order denying motion for new trial, and decline to grant relief from judgment in any other form.

It is so ordered.

---

[1] The actual notice of appeal filed by counsel clearly demonstrates this.